IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CRISTINA LOPEZ BAEZ

Plaintiff

v.

SEARS ROEBUCK CORPORATION

Defendant

CIVIL NO. 97-2519 (HL)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is defendant's unopposed Bill of Costs. (Docket Nos. 13 & 14).

On April 30, 1999, a default judgment was entered dismissing without prejudice the complaint filed in this case. (Docket No. 11). As prevailing party, defendant now seeks recovery of the following items of costs: (1) transcription cost of depositions - $3,552.50; (2) service of process - $208.00; (3) fees for witnesses - $87.60; and (4) fees for copies - $666.70.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)     Fees of the clerk and marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

Civil No. 97-2519 (HL)                                             Page -2-

> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Transcription Cost of Depositions.** Defendant seeks recovery of $3,552.50 for the costs related to the deposition of Cristina López Baéz ($3,512.50) and a video reproduction ($40.00). "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).  Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment.  See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it...  This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. <u>Puerto Rico Ports Authority</u>, 193 F.R.D. at 38 (quotations and citations omitted).

Defendant alleges that the taking of deposition of plaintiff Cristina López Baéz was necessary for the case.  Yet, defendant failed to submit the corresponding documentation to substantiate its claim, as required by the Taxation of Costs Guidelines.  Thus, the amount of $3,512.50 is disallowed without prejudice.

Defendant also seeks recovery of $40.00 for a videotape reproduction of plaintiff's deposition.  Generally the costs of either a videotape or a deposition transcript are taxable, but not both.  <u>Brown v. Kemper National Insurance Companies</u>, 1998 WL 472586 at 2 (E.D.Pa.), citing <u>Marcario V. Pratt & Whitney Canada, Inc.</u>, 1995 WL 649160 at 2 (E.D.Pa.). Independent and legitimate uses must be found for the transcription and the video,  before both sets of costs can be recovered under 28 U.S.C. § 1920(2).  See, <u>Tilton v. Capital Cities/ABC, Inc.</u>, 115 F. 3d 1471, 1478 (10th Cir. 1997);  <u>Cherry v. Champion International Corporation</u>, 186 F. 3d 442, 448 (4th Cir. 1999).  Defendant failed to explain why the video and transcription of the deposition were both necessary for the case.  Defendant also failed to provide the corresponding documentation to substantiate this expense. Therefor, this expense is also disallowed without prejudice.

**Fees for Service of Process.**  Defendant seeks recovery of $208.00 expended for service of process.  Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age.  It is the policy of the Office of the Clerk that service of process fees are taxable.  However,

Civil No. 97-2519 (HL)                                    Page -4-

defendant failed to substantiate this expense. Therefor, recovery of the amount claimed for
service of process is disallowed without prejudice.

**Fees of for Witnesses.** Defendant also seeks recovery of $87.60 allegedly incurred
in witness fees. "The recovery of witness fees as costs is authorized by 28 U.S.C. § 1920(3),
and 28 U.S.C. § 1821 sets out the contents of disbursements to witnesses." Puerto Rico
Ports Authority, 193 F.R.D. at 34. Section 1821(b), states:

> A witness shall be paid an attendance fee of $40 per day for each day's
> attendance. A witness shall also be paid the attendance fee for the time
> necessarily occupied in going to and returning from the place of attendance
> at the beginning and end of such attendance or at any time during such
> attendance.

It is the policy of the Office of the Clerk that, absent prior approval by the presiding
judge of the case, witnesses (including expert witnesses) are only entitled to the statutory
attendance amount of $40 per day plus transportation expenses for those days on which trial
testimony is actually given, or when a deposition is an allowable cost. Defendant alleges that
the witness fees are part of deposition expenses, yet, failed to submit the corresponding
documents in support of its claim. Therefor, this expense is disallowed without prejudice.

**Fees for Copies.** Defendant seeks recovery of $666.70 for exemplification and
copies of documents. The cost of photocopying documents necessarily obtained for use in
a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to
allow recovery of copying costs for those documents which are introduced as evidence at
trial, or attached as an exhibit to a pleading that has been filed and served upon the
opposing party. "Photocopying costs for the convenience, preparation, research, or records
of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl
Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the

Civil No. 97-2519 (HL)                                              Page -5-

Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir. 1998).

Defendant alleges that the documents copied were attached to exhibits to papers filed with the court, served on plaintiff or were necessary for the case. Defendant failed to identify which documents were photocopied, and prove that they were necessarily obtained for use in the case or were simply copied for the convenience of the party. Also, defendant failed to submit the corresponding documentation in support of its claim. For the reasons stated herein, this expense is also disallowed without prejudice.

WHEREFORE, the bill of costs filed by defendant is denied in its entirety. Defendant shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 6th day of August, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk